NO. 07-11-0177-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

AUGUST 15, 2011

______________________________

 

 

IN RE JOHANSON LEE WATSON, RELATOR

 

_________________________________

 

ORIGINAL PROCEEDING ARISING FROM PROCEEDINGS

BEFORE THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

NOS. 9479 & 9480; HONORABLE DAN MIKE BIRD JUDGE PRESIDING[1]

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            By this original
proceeding, Relator, Johanson
Lee Watson, an inmate proceeding pro se
and in forma pauperis, seeks a writ
of mandamus to compel the Honorable Dan Mike Bird, to hold a hearing on his Motion for Leave for Judgment Nunc Pro Tunc.  For the reasons expressed herein, we deny the
requested relief.

Background

In 1997, Relator was indicted for sexual assault of a child in
cause number 9479 and for burglary of a habitation in cause number 9480.  The charges were enhanced with a prior burglary
from 1987.  In exchange for dismissal of
the burglary of a habitation charge,[2]
Relator pleaded guilty to the sexual assault charge and was sentenced to twenty
years confinement.  No direct appeal from
that conviction was filed.  

At the sentencing hearing held on August 8, 1997, for the
sexual assault conviction, the Honorable Tom Neely opened the proceedings by
announcing "[t]his is Cause Number 9480, the State of Texas versus Johanson Lee Watson, also known as Johanson
'Joe-Boy' Watson."  The hearing
proceeded and the trial court ruled as follows:

the Court having found you guilty of the offense of
sexual assault of a child [cause number 9479] as alleged in the indictment,
having found the enhancement paragraph to be true, the Court assesses your punishment
at 20 years . . . .

 

            Relator
filed a Motion for Leave for Judgment
Nunc Pro Tunc in the trial court on January 18, 2011, arguing that the oral
pronouncement in cause number 9480 from the sentencing hearing in 1997 conflicted
with the trial court's written judgment in cause number 9479.  He maintains he was sentenced to prison in
cause number 9480, which was dismissed in 1998.[3]  Relator alleges that on February 7, 2011, he
corresponded with the Wilbarger County District Clerk requesting a disposition
on his motion.

            On
April 26, 2011, Relator filed a Petition for Writ of Mandamus in this Court
seeking to compel the trial court to rule on his pending motion.  This Court requested a response from
Respondent.  No response was filed;
however, the trial court scheduled a hearing to address Relator's motion.

            On
June 10, 2011, a hearing was held.  The
Honorable Stuart Messer presided by assignment. 
See Tex. Gov't Code Ann. §
75.002(a)(3) (West 2005).  Appellant and his appointed counsel were
present.  After a brief hearing, the
trial court ruled, "the plea of guilty was
obviously in 9479; the evidence was taken on the issue of punishment in
9479.  I am not granting that nunc pro
tunc . . . ."  The trial court's
denial of Relator's motion was reduced to writing and filed with the trial
court clerk on June 23, 2011.

Mandamus Standard of Review

Mandamus relief is an extraordinary remedy.  In re Southwestern Bell Telephone Co.,
L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  "Mandamus
issues only to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no other adequate remedy by law.@  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  To show entitlement to mandamus relief, a
relator must satisfy three requirements: (1) a legal duty to perform; (2) a
demand for performance; and (3) a refusal to act.  Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979).

Discussion

            Relator now has a ruling on the
motion that was pending in the trial court. 
Any dissatisfaction with the ruling is not the proper subject of a
mandamus proceeding but may be remedied by ordinary appeal.  See In
re Washington, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2
(Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding).  Consequently, his request for relief is
rendered moot and the petition for writ of mandamus is denied.

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

 

 











[1]Judge
Bird was the District Attorney for Wilbarger County when Relator was charged
with the offenses alleged in Cause Nos. 9479 and 9480 and he voluntarily
recused himself from proceedings related to those cause numbers.  





[2]The
burglary of a habitation charge was dismissed by order dated July 21, 1998.

 





[3]The
written judgment and sentence in the sexual assault of a child case correctly
reflects "Cause No. 9479."